The STATE of Ohio, Appellee,

v.

WILSON, Appellant.

[Cite as *State v. Wilson* (1995), 102 Ohio App.3d 1.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 93–A–1810.

Decided March 20, 1995.

**2**

*Gregory J. Brown*, Ashtabula County Prosecuting Attorney, for appellee.
*Gregory M. Gilson*, for appellant.

FORD, Presiding Judge.

This accelerated calendar case comes from the Ashtabula County Court, Eastern Area, and has been submitted on the briefs.[1]

Appellant, Matthew K. Wilson, was charged with speeding, in violation of R.C. 4511.21; menacing, in violation of R.C. 2903.22(A); and disorderly conduct, in violation of R.C. 2917.11(A)(3). After a bench trial, he was convicted of all three counts and sentenced.

On May 15, 1993, at approximately 1:00 p.m., Officer Robert D. Houser of the North Kingsville Police Department was monitoring traffic from a stationary position on State Route 20. Houser observed appellant driving a vehicle. From this observation, Houser thought appellant was driving in excess of the thirty-five m.p.h. posted speed limit. Immediately after his visual observation, Houser activated a K–55 radar unit. It revealed that appellant was driving fifty-two m.p.h.

Houser stopped appellant and asked for his driver's license. Appellant produced a license, but portions of it were illegible due to destruction. Houser could not read appellant's social security number.

Although Houser did not recognize appellant immediately, shortly after the stop was initiated, Houser realized that he had encountered appellant when

---

1. Appellee, state of Ohio, did not file a brief. In this case, we read the transcript and are familiar with the testimony. However, we refer appellee to App.R. 18(C) which states: "If an appellee fails to file his brief, * * * the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

Houser was working at the Cleveland Electric Illuminating Company. Apparently, appellant's wife also worked there, and appellant would drive his wife to work and pick her up at the end of the day.

Houser testified that appellant became belligerent almost immediately after being stopped. When appellant presented his license, he dropped his wallet and said, "This is really bullshit." Furthermore, appellant was loud and frequently used profanity. Specifically, appellant referred to Houser as "asshole," "Mr. asshole," and "motherfucker." Also, appellant informed Houser eight or nine times that he would "kick [Houser's] ass."

Initially, Houser did not feel threatened. However, after appellant persisted and edged toward him, he felt threatened and thought the altercation would escalate into a "scuffle."

Houser called dispatch and requested a Code Ten, meaning he needed backup as soon as possible. Officer Gentry arrived, and he said that appellant was loud, irritated and very upset. When Gentry was handcuffing appellant, appellant jerked and spun around. However, Gentry subdued appellant and handcuffed him.

Both Douglas and Kitty Williams observed the incident from their residence and corroborated the officers' testimony. Mr. Williams said that appellant was loud, used profanity, and flailed his hands. Furthermore, he testified that he "thought maybe a fight would break out." Ms. Williams also said appellant used profanity.

Appellant appeals his convictions, assigning the following as error:

"1. The trial court erred in finding beyond a reasonable doubt that the defendant was guilty of a speeding violation when there was not sufficient testimony as to the calibration of the K–55 radar unit, and there was no expert testimony as to the reliability of the radar.

"2. The trial court erred in finding beyond a reasonable doubt that the defendant was guilty of the offense of menacing in violation of O.R.C. 2903.22(A).

"3. The trial court erred in finding beyond a reasonable doubt that the defendant was guilty of aggravated disorderly conduct in violation of O.R.C. 2917.11(A)(3).

"4. The trial court erred in exercising jurisdiction in the criminal cases against the defendant, as the complaints charging the crimes were not executed by the complaining officer, and the jurat was not properly signed under oath."

Regarding the first assignment, appellant argues that there was insufficient testimony to support his speeding conviction because the radar reading should not have been admitted. Specifically, he claims that appellee failed to establish

**4**

that the radar device was properly calibrated, that appellee failed to show that Houser was properly trained to use the K–55 radar, and that appellee failed to present testimony regarding the construction of and method of using the K–55 radar unit.

This court has held that a conviction for speeding will not be reversed on sufficiency grounds even if a radar reading was improperly admitted into evidence when the officer testified that, based upon his visual observation, the vehicle was speeding. *Kirtland Hills v. Logan* (1984), 21 Ohio App.3d 67, 69, 21 OBR 71, 74, 486 N.E.2d 231, 232–233. Houser said that, based on his visual observation, he thought appellant was driving in excess of the speed limit. Thus, this assignment is without merit.

In the second assignment, appellant contends that the trial court erred in finding appellant guilty of menacing.

R.C. 2903.22(A) states:

"No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person or member of his immediate family."

Clearly, under the facts of this case, appellee proved the elements of this crime. Appellant said eight or nine times that he would "kick [Houser's] ass." Furthermore, as the altercation progressed, Houser thought appellant would cause him physical harm and called for immediate backup. This assignment is meritless.

In the third assignment, appellant claims his conviction for disorderly conduct should be reversed. We agree.

As previously stated, appellant was charged pursuant to R.C. 2917.11(A)(3), which states:

"No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

" * * *

"Insulting, taunting, or challenging another, *under circumstances in which such conduct is likely to provoke a violent response * * *.*" (Emphasis added.)

Accordingly, appellant could only be convicted if his conduct was likely to provoke a violent response from Houser.

The issue is whether, under the circumstances, a reasonable police officer would find appellant's language such that the officer would want to respond violently. *Warren v. Patrone* (1991), 75 Ohio App.3d 595, 598, 600 N.E.2d 344, 345; *State v. Johnson* (1982), 6 Ohio App.3d 56, 57, 6 OBR 268, 269, 453 N.E.2d

1101, 1102. The standard is objective rather than subjective, and there is no requirement that the arresting officer, in fact, be provoked to a violent response. *Patrone* at 598, 600 N.E.2d at 345.

▮ We find that even though appellant's behavior was obnoxious, under the factual table presented here, a reasonable police officer would not want to respond violently. Thus, this assignment is with merit. We note, however, that while we conclude that appellant's conviction cannot be sustained pursuant to the subsection under which he was charged, it appears that appellant could have been found guilty of disorderly conduct had he been charged under one of the other subsections.

In the fourth assignment, appellant argues that the trial court's judgment is void because the complaints charging the crimes were unsworn complaints.

There were three charging instruments in this case: a traffic ticket charging the speeding violation that was signed by Houser, and two sworn complaints, one charging appellant with menacing, the other charging him with disorderly conduct.

▮ Regarding the traffic citation, a signature at the bottom of the ticket is required. However, it need not be sworn. See Traf.R. 3(C). Thus, because the traffic ticket was signed, it was not void.

The complaints charging menacing and disorderly conduct were sworn to by Chief Hitzel. Crim.R. 3 states:

"The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."

▮ In this case, because the disorderly conduct and menacing complaints were sworn to, they complied in this respect with Crim.R. 3. *State v. Green* (1988), 48 Ohio App.3d 121, 548 N.E.2d 334, cited by appellant, is inapplicable since in that case the complaint was unsworn.

Appellant also argues that because the complaint was signed by Chief Hitzel rather than Houser or Gentry, it is void. However, " '[i]t is not necessary that the affidavit be executed by one who observed the commission of the offense. It is sufficient if such person has reasonable grounds to believe the accused has committed the crime.' " *State v. Cragon* (Apr. 15, 1994), Ashtabula App. No. 93–A–1789, unreported, at 4, 1994 WL 171654, quoting *Sopko v. Maxwell* (1965), 3 Ohio St.2d 123, 124, 32 O.O.2d 99, 99, 209 N.E.2d 201, 202. "[T]he important issue is not whether the affiant had personal knowledge, but rather whether or

**6**

not a crime was actually committed." *Cragon* at 4–5. Thus, the complaint was not void, and this assignment is meritless.

Based on the foregoing, the judgment of trial court is affirmed in part and reversed in part, and judgment is entered for appellant on the charge of disorderly conduct.

*Judgment accordingly.*

CHRISTLEY and JOSEPH E. MAHONEY, JJ., concur.