The STATE of Ohio, Appellee,

v.

DENIS, Appellant.

[Cite as *State v. Denis* (1996), 112 Ohio App.3d 397.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–95–064.

Decided July 5, 1996.

398

*Mark Frederick,* for appellant.

*Per Curiam.*

This case is before the court on appeal from a judgment of conviction and sentence entered by the Ottawa County Municipal Court after a jury found defendant-appellant, Alex L. Denis, guilty of one count of menacing in violation of R.C. 2903.22(A). From that judgment, Denis now raises the following assignments of error:

"I. The trial court erred, as a matter of law, in denying defendant-appellant's timely motion to remove his court-appointed counsel from the case in violation of his rights to due process of law and to effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article One, Section Ten of the Ohio Constitution.

"II. Defendant-appellant was denied effective assistance of counsel, and due process of law in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article One, Section Ten of the Ohio Constitution due to the failure of defense counsel to move for judgment of acquittal pursuant to Crim.R. 29.

"III. Defendant-appellant's conviction for the offense of menacing was contrary to law and against the manifest weight of the evidence, since the state failed to prove an essential element of the offense.

"IV. The trial court erred, as a matter of law, in denying defendant-appellant's motion for new trial in violation of his rights to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article One, Section Ten of the Ohio Constitution."

Initially, we note that the tape recording of the trial testimony below proved to be almost entirely inaudible. Although the state has not filed a brief in this appeal, the parties have, pursuant to App.R. 9(C), filed a statement of the evidence presented at the trial and the trial court has approved that statement. The relevant facts of this case, as set forth in the statement of evidence, are as follows. Appellant was previously married to Pamela Hendrix, the present wife of Ron Hendrix, who filed the complaint against appellant below. Pursuant to a

domestic relations court order, Pamela Hendrix and appellant were to deliver the children of their marriage to each other, for purposes of visitation and companionship, at the Port Clinton Police Department. Also pursuant to a domestic relations court order, neither Ron Hendrix nor Lita Denis, appellant's wife, were to be present when the parties delivered the children to each other.

On March 1, 1995, Pamela and Ron Hendrix arrived at the Port Clinton Police Department to deliver the children to appellant for visitation. Despite the court order, Ron Hendrix went into the police station with Pamela and the children. Pamela and Ron both testified below that while in the police station, they heard appellant say that "he would kick Ron Hendrix's ass if he did not leave the police department." Ron Hendrix also testified that prior to meeting at the police department, appellant had called him on the phone and told him that he would "kick his ass" if he came to the police department. Pamela further testified, however, that Ron Hendrix laughed when the threat was made, and in describing Ron's demeanor, stated that "he thought it was funny." Pamela also testified that appellant had made threats in the past, that he had never carried out a threat against Ron, that appellant and Ron had never had a physical altercation and that she was aware of appellant's health problems. Similarly, when asked how he reacted when the threat was made, Ron Hendrix testified that he "laughed it off" as he would in other situations and that he was aware of appellant's health problems with his eyes and heart.

On that same day, March 1, 1995, Ron Hendrix swore out a complaint against appellant, charging him with menacing in violation of R.C. 2903.22(A). Subsequently, attorney Jeffrey Whitacre was appointed to represent appellant in the proceedings below. Thereafter, Whitacre filed a motion to withdraw as counsel, citing a complete breakdown in the attorney-client relationship as the reason for the motion. The court granted the motion and appointed attorney Mark Stuckey as new counsel for appellant. Appellant subsequently filed a *pro se* motion with the trial court asking that Stuckey be removed as his counsel. After a hearing on the issue, the court denied the motion and the case proceeded to a jury trial on September 12, 1995. At the conclusion of the trial, the jury returned a verdict of guilty on the charge of menacing. The trial court then sentenced appellant to thirty days' incarceration, suspended twenty-five days of the sentence, and ordered appellant to pay a fine of $200 plus the costs of the action. The court then stayed the sentence pending appeal. On September 15, 1995, appellant filed a *pro se* motion for a new trial and requested new counsel for purposes of appeal. The trial court subsequently granted appellant's motion for appellate counsel but denied his motion for a new trial. Appellant then filed a timely notice of appeal.

We will first address the third assignment of error, which we find dispositive of this appeal. Appellant asserts that his conviction was against the manifest

weight of the evidence in that the state failed to prove that the complainant, Ron Hendrix, believed that appellant would cause physical harm to the complainant or a member of his family.

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

Moreover, in determining whether the jury's verdict is against the manifest weight on the evidence, an appellate court may not weigh the evidence or judge the credibility of witnesses. That is a function primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

■ Appellant was convicted of one count of menacing in violation of R.C. 2903.22(A), which reads:

"No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person or member of his immediate family."

An essential element of the crime of menacing is the complainant's belief that the offender will cause him or a member of his family physical harm. See *State v. Wilson* (1995), 102 Ohio App.3d 1, 4, 656 N.E.2d 954, 955–956. In this case, the only evidence we have before us regarding the proceedings below is that set forth in the statement of evidence, which was approved by both parties and the trial judge. Upon a review of that statement, and viewing that evidence in a light most favorable to the prosecution, we cannot say that a rational trier of fact could have found the essential elements of the crime of menacing proven beyond a reasonable doubt. Specifically, the complainant himself testified that he did not feel threatened by appellant's claim that he would "kick Ron Hendrix's ass if he did not leave the police department," and that he laughed off the threat. Furthermore, there is nothing else in the statement of evidence from which a rational trier of fact could infer that Hendrix felt threatened by appellant's comments.

Accordingly, we find that appellant's conviction for menacing was not supported by sufficient evidence and the third assignment of error is found well taken.

Given our ruling on the third assignment of error, we further find that under the standards set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 688, 104 S.Ct. 2052, 2064–2065, 80 L.Ed.2d 674, 693–694, and *State v. Bradley* (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373, 379–380, appellant's trial counsel was ineffective for failing to move for a judgment of acquittal at the conclusion of the state's case and/or at the conclusion of the trial. Therefore, we find the second assignment of error also well taken.

In light of our ruling on the second and third assignments of error, we find the first and fourth assignments of error to be moot and, therefore, not well taken.

On consideration whereof, the court finds that appellant was prejudiced and prevented from having a fair trial and the judgment of the Ottawa County Municipal Court is vacated. Court costs of this appeal are assessed to appellee.

*Judgment reversed.*

MELVIN L. RESNICK, P.J., GLASSER and SHERCK, JJ., concur.