OPINION
In this accelerated calendar case, defendant-appellant, Norma J. Miller, appeals the conviction issued by the Portage County Municipal Court, finding her guilty of violating R.C. 4511.21
(speed limits).
On January 21, 1998 at 4:23 p.m., appellant was traveling westbound on Old Forge Road and approaching the intersection of Mogadore Road in the Township of Brimfield. Brimfield Township police officer David Desko, traveling eastbound on Old Forge Road, at that time, was within said intersection. He observed appellant approaching at what appeared to be a speed in excess of the posted 35 mile-per-hour speed limit. He locked in his K-55 radar unit and clocked appellant at 51 miles per hour.
On January 26, 1998, two weeks before appellant's trial date of February 9, 1998, appellant filed a written request for a bill of particulars and a written request for discovery. Appellant requested any written or oral statements made by her that the state intended to offer at trial, a certified copy of the current FCC license of the Brimfield Police Department, a witness list, and the model and serial number of the radar equipment used by the charging officer. The state did not provide appellant with a bill of particulars or answer any of her discovery request until twenty minutes before trial. At that time, the prosecutor gave appellant the model and serial number of the radar unit the charging officer had used and permitted her to look at the prosecutor's file.
Before trial in the Portage County Municipal Court, appellant moved to dismiss the case based upon the state's failure to provide a bill of particulars and timely discovery. The trial court denied appellant's motions to dismiss. The trial court did, however, give appellant the option of having the case continued so that she could review the discovery she had just received. Appellant refused the continuance and the trial went forward. At the conclusion of the state's case, appellant moved for acquittal on the basis that insufficient testimony had been submitted to establish that she had been speeding. The trial court denied appellant's motion and found her guilty of speeding, imposing a fine of $25 plus court costs.
Appellant makes the following assignments of error:
 "[1.] The trial court erred in overruling the defendant-appellant's motion to dismiss when the prosecution had failed to timely provide a bill of particulars seasonably requested."
 "[2.] The trial court erred in overruling the defendant-appellant's motion to dismiss when the prosecution had failed to timely provide the discovery requested."
 "[3.] The trial court erred in overruling the motion for directed judgment of acquittal pursuant to Ohio Crim.R. 29(A)."
In her first assignment of error, appellant contends that the trial court erred by denying her motion to dismiss for failing to provide a bill of particulars as requested. Crim.R. 7(E) provides that:
 "when the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charged and of the conduct of the defendant alleged to constitute the offense."
Although the language of Crim. R. 7(E) is mandatory, appellant was not prejudiced by failing to receive a bill of particulars. The purpose of a bill of particulars is to clarify a complaint that is vague or indefinite so that a defendant knows the exact nature of the charges against him. See Dayton v. Pate (March 22, 1984), Montgomery App. No. 8372, unreported, at 10, 1984 Ohio App. LEXIS 9490. In State v. Brown (1993), 90 Ohio App.3d 674, 682,630 N.E.2d 397, 402, this court held that failing to provide a defendant with a requested bill of particulars was harmless error when the indictment gave adequate notice of the time, place, nature, and substance of the offense. Id. at 402. In the case sub judice, appellant was not harmed by not receiving a bill of particulars because the traffic citation she received included the time, place, and specific nature of the charged offense. Appellant's first assignment of error is without merit.
In her second assignment of error, appellant alleges that the trial court erred by refusing to grant her motion to dismiss based upon the state's failure to comply with her discovery request in a timely manner. Appellant contends that the state's failure to provide her with timely discovery denied her an opportunity to prepare an adequate defense. Although the state did not comply with appellant's discovery request in time for her to prepare her defense, she is estopped from claiming prejudice because the trial court offered to continue the case and appellant refused the continuance.
Crim.R. 16(E)(3) provides that a court may order a continuance in order to remedy a party's failure to comply with a discovery request. In Ohio v. Dykes (Dec. 17, 1993), Lake No. 92-L-078, unreported, 1993 Ohio App. LEXIS 6082, a defendant had made a discovery request asking a police officer to bring a certain map to trial. This court held that the appellant waived his right to complain about the state's failure to comply with his discovery request when he failed to bring the matter to the attention of the court or ask for a continuance. We held that because appellant failed to take advantage of the remedies available to him, he had no right to complain on appeal. In the instant case, the prosecutor should have responded to appellant's discovery request in a timely manner. Appellant is correct in her assertion that the prosecutor's failure to comply with her discovery request hampered her ability to prepare an adequate defense. However, the trial court asked appellant if she needed more time to prepare her defense and offered to continue her case. Appellant refused the continuance and insisted on proceeding to trial. Like the appellant in Ohio v. Dykes, appellant waived her right to complain about the state's noncompliance when she refused to take advantage of the remedies available to her. Appellant's second assignment of error has no merit.
In appellant's third assignment of error, she contends that the trial court erred by denying her Crim.R. 29 motion for acquittal. Under Crim.R. 29(A), a motion of acquittal is properly denied where "reasonable minds can reach different conclusions as to whether each element of a crime has been proved beyond a reasonable doubt." State v. Apanovitch (1987), 33 Ohio St.3d 19,23, 514 N.E.2d 394, 399. Appellant alleges that the state had no evidence with which it could prove she was speeding, because the prosecutor did not introduce expert testimony as to the accuracy and reliability of the K-55 radar unit used by the officer to clock her speed.
Appellant's contention that the state needed to present expert testimony on the accuracy and reliability of the K-55 radar unit lacks merit. In State v. Gazdak (Sept. 30, 1991), Geauga App. No. 90-G-1611, unreported, 1991 Ohio App. LEXIS 4598, this court held that a court that has previously received expert testimony concerning the accuracy and reliability of the K-55 radar unit may take judicial notice of that finding in a later case. In this case, the trial court stated that it had previously received expert testimony regarding the K-55 radar unit and that it was taking judicial notice of the accuracy and reliability of the radar unit. Therefore, Officer Desko's testimony that he had been trained to use the K-55 radar unit and that he had properly calibrated the radar unit, before using it to clock appellant's speed, was sufficient evidence to authenticate its reliability.
Even without the radar unit evidence, the trial court had sufficient evidence to prove beyond a reasonable doubt that appellant was speeding. Officer Desko testified as follows:
 "Q. What initially drew your attention to this vehicle?
 "A. When I observed the defendant's vehicle traveling towards me, I noticed that the vehicle was traveling with what I thought to be an excessive amount of speed.
 "Q. Now, how did you make that initial determination?
 "A. The speed limit — the posted speed limit through that area is thirty-five miles an hour. And through the basis of my training and experience as a Police Officer, when observing the defendant's vehicle coming towards me, it looked as if she was moving faster than the posted limit of thirty-five.
 "Q. So would you state you made a visual observation that her speed was in excess of the speed limit?
"A. Yes."
Based upon Officer Desko's fifteen years of experience conducting traffic patrol, his testimony alone is sufficient evidence to support appellant's speeding conviction. Statev. Wilson (1995), 102 Ohio App.3d 1, 4, 656 N.E.2d 954, 955. Appellant's third assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
JUDGE ROBERT A. NADER
CHRISTLEY, P.J., concurs in judgment only,
O'NEILL, J., concurs.