The STATE of Ohio, Appellee,

v.

DOTSON, Appellant.

[Cite as *State v. Dotson* (1999), 133 Ohio App.3d 299.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 98 C.A. 103.

Decided March 24, 1999.

300

*Dionne Almasy,* Youngstown City Prosecutor, and *Michael J. Maillis,* Assistant Prosecuting Attorney, for appellee.

*Gus K. Theofilos,* for appellant.

GENE DONOFRIO, Judge.

Defendant-appellant, Veronica Dotson, appeals her conviction in the Youngstown Municipal Court on a single count of disorderly conduct, a violation of R.C. 2917.11(A)(2).

On April 2, 1998, Officer Chaibi of the Youngstown Police Department issued a parking citation for appellant's vehicle. As the officer was writing the ticket, appellant approached him and asked him to "give her a break." When the officer refused, appellant wished Officer Chaibi "all the bad luck a man could have."

According to Officer Chaibi, appellant then became loud and began to use expletives. The officer testified that appellant said, "Give me the fucking ticket" and repeatedly said, "Fuck you," before snatching the ticket out of the officer's hand. Officer Chaibi then asked appellant to lower her voice, to which appellant responded, "Why, do you think you are going to fucking arrest me?" The officer continued to admonish appellant to watch her language and lower her voice in public. As this was going on, the officer testified that four or five people had stopped to watch while others were turning their heads to watch.

Officer Chaibi then testified that he returned to his cruiser. As appellant drove past the cruiser, Officer Chaibi pulled out behind her and followed her. According to the officer, appellant stuck her arm out of the car, flipped the officer off, and repeated "fuck you" over and over again. When appellant stopped at a red light, according to Chaibi, she stuck her head out of the window and screamed "fuck you" at the officer. When the light turned green, appellant then pulled over to the side of the road and called Chaibi a "motherfucker." Appellant then pulled into her business residence. The officer testified that by this point, he felt that too many people had heard the remarks, so he pulled in behind her. Appellant ran into her building and Chaibi called for back up. Eventually appellant came out of the building and called the newly arriving officers "motherfuckers." Appellant was eventually issued with a citation for disorderly conduct.

Appellee, the state of Ohio, presented the testimony of Lisa Moore, an acquaintance of appellant who had been with her when she received the citation. Moore testified that she heard no use of vulgar language on the part of appellant and denied the existence of a crowd watching the event. In addition, appellant testified in her own defense and denied using vulgar language or profanity towards Officer Chaibi.

A bench trial was held on May 7, 1998, at the conclusion of which appellant was found guilty of disorderly conduct in violation of R.C. 2917.11(A)(2). Appellant was sentenced to ten days in jail, suspended, fined $250 plus costs, $200 of which was suspended, and given six months of nonreporting probation. Upon appel-

lant's motion, the sentence was stayed pending this appeal. Timely notice of appeal was also filed that same day, May 7, 1998.

Appellant's sole assignment of error states:

"The evidence presented was not sufficient as a matter of law for a finding of guilt."

Appellant argues that individuals may not be punished for speaking rude or insulting words unless the words are fighting words. Appellant notes that individuals may not be punished under ordinances that prohibit the use of rude or insulting language unless the statements by their very utterance cause injury or are likely to provoke the average person to an immediate retaliatory breach of the peace. Appellant also argues that in the instant case, even assuming the truth of Officer Chaibi's testimony, the officer admitted that he felt no desire to react violently and that he did not feel threatened by appellant's language. Appellant argues that while the words appellant was alleged to have spoken were offensive, they were not fighting words, and hence appellant's conviction was error.

In response, appellee concedes that the applicable test is whether the words uttered by appellant would inflict injury or be likely to provoke the average person to an immediate retaliatory breach of the peace. However, appellee's brief then proceeds to recount the events in question without offering any explanation of how such conduct constitutes fighting words. Appellee also makes much of the fact that appellant's challenge is to the sufficiency of the evidence and not that the verdict was against the manifest weight of the evidence. Appellee does suggest that although Officer Chaibi testified that he had no desire to react violently, this factor is irrelevant, as the proper test is an objective one, *i.e.*, whether a reasonable person would have felt so inclined. Finally, appellee suggests that the test for this court to apply is not whether the officer was provoked into an immediate breach of the peace but whether the words might have incited onlookers to become involved. Appellee offers no authority in support of this approach.

A person may not be punished under R.C. 2917.11(A)(2) for recklessly causing inconvenience, annoyance, or alarm to another by making an offensively course utterance or communicating unwarranted and grossly abusive language to any person unless the words spoken are likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace. *State v. Hoffman* (1979), 57 Ohio St.2d 129, 11 O.O.3d 298, 387 N.E.2d 239. That is, the words spoken must be "fighting words." *State v. Maynard* (1996), 110 Ohio App.3d 6, 11, 673 N.E.2d 603, 606. "No matter how rude, abusive, offensive, derisive, vulgar, insulting, crude, profane or opprobrious

spoken words may seem to be, their utterance may not be made a crime unless they are fighting words." *Cincinnati v. Karlan* (1974), 39 Ohio St.2d 107, 110, 68 O.O.2d 62, 64, 314 N.E.2d 162, 164.

The question for this court then is whether under the circumstances a reasonable person would find appellant's language annoying or alarming and would be provoked to immediately breach the peace. *Warren v. Patrone* (1991), 75 Ohio App.3d 595, 598, 600 N.E.2d 344, 345–346. The standard is objective rather than subjective, there being no requirement that the arresting officer actually be provoked to a violent response. *State v. Wilson* (1995), 102 Ohio App.3d 1, 5, 656 N.E.2d 954, 956–957.

In reviewing a decision for sufficiency of the evidence, we construe the evidence in a light most favorable to the appellee. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 390, 678 N.E.2d 541, 548–549 (Cook, J, concurring). Even so, a review of the record fails to demonstrate that Officer Chaibi or any reasonable person would have been provoked by appellant's conduct into a retaliatory breach of the peace. Instructive on this point is the fact that even under a subjective test, appellant failed to provoke such a reaction. Officer Chaibi testified that he was not injured and that he had no desire to react violently in response to appellant's words. Officer Chaibi did not feel physically threatened in any way, nor did he feel provoked. Although Officer Chaibi did testify that he felt appellant was "trying to get the bystanders to be on her side," this is not the measure of fighting words. Officer Chaibi responded much as a reasonable person would have done in not becoming provoked to a retaliatory breach of the peace. Therefore, the evidence as a matter of law was insufficient to sustain appellant's conviction under R.C. 2917.11(A)(2).

Appellant's sole assignment of error is sustained.

The judgment of the trial court is hereby reversed, and appellant is ordered discharged.

*Judgment reversed.*

Cox and Vukovich, JJ., concur.