OPINION
Defendant-appellant Rodney L. Napier appeals his conviction in Canton Municipal Court for speeding in violation of R.C. 4511.21. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On September 2, 2000, appellant Rodney Napier was cited for speeding in violation of R.C. 4511.21, a misdemeanor. The speeding citation indicated that appellant was driving 64 miles per hour in a 40 mile per hour zone and that appellant's speed was "unsafe for condition". At his arraignment on September 12, 2000, appellant entered a plea of not guilty.
Appellant, on September 14, 2000, filed a "Request for Discovery" requesting disclosure of, among other items, the make, model and serial number of the radar unit referred to on the citation issued to appellant, the training record of the Deputy who issued the citation with respect to such radar unit, and the calibration record and repair history of the radar unit. Appellant also requested the Deputy's personnel file. Thereafter, after the above information was not provided to appellant by appellee, appellant, on October 4, 2000, filed a Motion to Compel Discovery or, in the Alternative, Motion to Dismiss. As memorialized in a Judgment Entry filed two days later, the trial court overruled appellant's motion.
A Motion for Reconsideration was filed by appellant on October 11, 2000. The trial court, pursuant to a Judgment Entry filed on October 31, 2000, sustained appellant's Motion for Reconsideration in part. The trial court, in its October 31, 2000, entry, ordered appellee to provide all of the discovery requested by appellant, with the exception of the Deputy's personnel file, by November 3, 2000. After appellee failed to provide the requested discovery to appellant by such date, appellant, on November 6, 2000, filed a Motion to Dismiss seeking dismissal of the speeding charge. Appellee, in its response to such motion, indicated that appellee had "answered and complied as completely as possible to defense counsel's Request for Discovery." As memorialized in a November 7, 2000, Judgment Entry, the trial court overruled appellant's Motion to Dismiss, stating that "[t]he State [appellee] in its answer to defendant's motion to dismiss indicates that it has provided all available discovery to defendant."
A bench trial before a Magistrate was held on November 8, 2000. At the bench trial, Deputy Richard Ballas, who has approximately sixteen years experience as a Deputy Sheriff and who has training in issuing speeding tickets[1], testified for appellee. Deputy Ballas testified that, on September 2, 2000, at approximately 10:10 P.M., he was sitting in a stationary marked cruiser monitoring traffic while in uniform when he observed appellant coming around a corner at "a high rate of speed." Trial Transcript at 26. The Deputy testified that he visually estimated appellant's speed at 56 or 57 miles per hour in a 40 mile per hour zone. After activating his radar unit, Deputy Ballas initially clocked appellant's vehicle at 57 miles per hour. The Deputy testified that as he monitored appellant's vehicle, the "highest speed that I monitored it [appellant's vehicle] at was 64 and then I locked that speed in." Trial Transcript at 26. Deputy Ballas then pulled over appellant's vehicle and cited appellant for speeding.
At the conclusion of the evidence, the Magistrate, in his November 8, 2000, Report, found appellant guilty of speeding in violation of R.C.4511.21 and ordered appellant to pay a $20.00 fine and court costs. In addition, appellant's driver's license was assessed two points. After the Magistrate filed Findings of Fact and Conclusions of Law, appellant, with leave of court, filed objections to the Magistrate's Decision. As memorialized in a Judgment Entry filed on January 2, 2001, the trial court overruled appellant's objections. It is from the trial court's January 2, 2001, Judgment Entry that appellant now prosecutes his appeal, raising the following assignments of error[2]:
 ASSIGNMENT OF ERROR I THE FIFTH DISTRICT COURT OF APPEALS SHOULD CONCLUDE THAT THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ADOPTING THE MAGISTRATE'S DECISION SUBSEQUENT TO THE ADMISSION AND CONSIDERATION OF CERTAIN EVIDENCE/INFORMATION IN THIS CASE: (1) THAT THE STATE WILLFULLY WITHHELD FROM THE DEFENSE, DESPITE REPEATED DISCOVERY REQUESTS AND A TRIAL COURT ORDER COMPELLING DISCLOSURES OF THE INFORMATION; (2) SINCE FOREKNOWLEDGE OF THE REQUESTED INFORMATION WOULD HAVE BENEFITED THE ACCUSED IN PREPARATION OF HIS DEFENSE; AND (3) BECAUSE THE ACCUSED WAS UNFAIRLY PREJUDICED AS A RESULT OF THE REQUESTED INFORMATION NOT BEING PROVIDED.
 ASSIGNMENT OF ERROR II DEFENDANT'S CONVICTION FOR VIOLATION OF R.C. 4511.21(D) WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
For purposes of clarity, we shall address appellant's assignments of error out of sequence.
 II
Appellant, in his second assignment of error, contends that his conviction for speeding in violation of R.C. 4511.21 is against the sufficiency of the evidence since no expert testimony was offered by the State as to the scientific foundation for and the reliability of the radar unit used by Deputy Ballas on September 2, 2000. Appellant further notes that the trial court did not take judicial notice of the reliability of such unit. In short, appellant maintains that there was insufficient testimony to support his speeding conviction because the radar reading taken by Deputy Ballas should not have been admitted into evidence.
In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, supra, at paragraph two of the syllabus.
A "conviction for speeding will not be reversed on sufficiency groundseven if a radar reading was improperly admitted into evidence when the officer testified that, based upon his visual observation, the vehicle was speeding." State v. Wilson (1995), 102 Ohio App.3d 1, 4 (Emphasis added.), citing Kirtland Hills v. Logan (1984), 21 Ohio App.3d 67, 69. During the bench trial in this matter, Deputy Ballas, who has both training and extensive experience in issuing speeding tickets, testified that he visually estimated appellant's speed at 56 or 57 miles per hour in a 40 mile per hour zone. Thus, even without the radar reading, there was sufficient evidence supporting appellant's conviction for speeding in violation of 4511.21.
Appellant's second assignment of error is, therefore, overruled.
 I
Appellant, in his first assignment of error, argues that the trial court abused its discretion in adopting the Magistrate's Decision finding appellant guilty of speeding in violation of R.C. 4511.21 since appellee willfully withheld discoverable evidence from appellant and since appellant was unfairly prejudiced by appellee's failure to provide such evidence.
As is stated above, appellant, on September 14, 2000, filed a "Request for Discovery" requesting disclosure of, among other items, the make, model and serial number of the radar unit referred to on the citation issued by Deputy Ballas to appellant, Deputy Ballas' training record with respect to such radar unit, and the calibration record and repair history of such unit. After his numerous attempts to obtain the above discovery were unsuccessful, appellant, on November 6, 2000, filed a Motion to Dismiss. While such motion was overruled by the trial court based on appellee's representation that the requested discovery was provided to appellant, there is no doubt that, as of the date of the trial, the discovery sought by appellant was never provided by appellee.
During the trial in this matter, appellee attempted to adduce testimony from Deputy Ballas as to his training and qualifications for radar use and regarding the radar unit used by Deputy Ballas. Appellee, for example, specifically asked Deputy Ballas to produce a certificate evidencing his training in radar use. However, appellant objected to appellee's questioning of Deputy Ballas and appellee's request for production of the certificate since appellee had failed to provide the above discovery to appellant although ordered to do so by the trial court. After appellee moved the Magistrate for a judgment of acquittal, the Magistrate denied appellant's motion, stating on the record as follows:
 THE COURT: All right, I'm going to take your objection under advisement and we're going to proceed in this fashion. I'm going to hear that remainder of the evidence and at the conclusion of the case I'm going to evaluate the case in its entirety and I'll reconsider your motion at that time and I will also consider as an alternative, if I feel that there is some violence done to the Rules and that the proper remedy is not to dismiss it, I will consider it in the alternative to simply adjourning the trial to sometime convenient to continue it where now that you're in possession of the information, presumably you will be, we can continue the trial when you won't be impeded by lack of the evidence, so I'm going to take your motion for dismissal and to include the evidence under advisement, I'm going to take the evidence into the record and rule later on it.
Trial Transcript at 21-22. Appellant now maintains that, because appellee blatantly withheld discoverable information, the trial court erred in adopting the Magistrate's report finding appellant guilty of speeding.
Crim. R. 16(B)(1), which concerns disclosure of evidence by the prosecuting attorney, states, in relevant part, as follows:
 (c) Documents and tangible objects. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant.
In turn, Crim. R. 16(E)(3) provides that, if a party fails to comply with discovery, ". . . [t]he court may order such party to permit the discovery or inspection, grant a continuance[3], or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
This Court is deeply troubled by appellee's clear failure to comply with Crim. R. 16 and, even more so, by appellee's blatant misrepresentation to the trial court in its response to appellant's Motion to Dismiss that the discovery sought by appellant had been provided by appellee. We are further disconcerted by appellee's statement in its appellate brief that the information sought by appellant was not available to appellee until the day of trial.[4]
However, while we find that the evidence sought by appellant relative to the radar unit was willfully withheld by appellee, we find that such evidence was not material. In United States v. Bagley (1985), 473 U.S. 667, the court ruled that in determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence shall be deemed material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. at 682. See alsoState v. Johnson (1988), 39 Ohio St.3d 48.
Upon our review of the record, we cannot say that the outcome of appellant's trial would have been different had the evidence sought by appellant regarding the radar unit been disclosed by appellee. The evidence appellant requested through discovery was, therefore, not material to his guilt. As was noted previously, Ohio law is clear that an officer's testimony that, based upon his visual observation, a vehicle was speeding is in and of itself sufficient to support a conviction for speeding. See Wilson, supra. The Magistrate, in his December 5, 2000, Findings of Fact and Conclusions of Law, stated unequivocally that Deputy Ballas "had a clear and unobstructed view of said [appellant's] vehicle; and by virtue of his training and experience was able to estimate by visual observation its speed to a reasonable degree of certainty." As noted by the trial court in its January 2, 2001, Judgment Entry overruling appellant's objections, "[t]he record reveals there was sufficient evidence to support a conviction of a violation of 4511.21 speeding based upon the officer's visual observation and training withouteven considering the stationary radar reading obtained by the officer."
(Emphasis added.) In short, we conclude that the possibility that the undisclosed evidence would have changed the outcome of appellant's trial is not sufficient to undermine our confidence in the outcome of the same.
As a final note, while appellant argues in his brief that the trial court erred in overruling appellant's November 6, 2000, Motion to Dismiss, we do not concur. While appellee may have misrepresented the status of discovery to the trial court, the trial court, at such time, had no reason to doubt appellee's statement in its response to such motion that appellee had provided all available discovery to appellant. Only during trial did it become apparent that appellee had completely failed to comply with the trial court's discovery order. However, as is stated above, we find no prejudice based on Deputy Ballas' testimony.
Appellant's first assignment of error is, therefore, overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the Judgment of the Canton Municipal Court is affirmed. Costs to appellant.
Edwards, P.J. Farmer, J. and Wise, J. concur.
[1] Deputy Ballas testified at trial that, in 1999, he had issued 197 speeding tickets and that, between January 1, 2000, and August 1, 2000, he had issued 212 speeding tickets. Trial Transcript at 12.
[2] While appellant, in his brief, lists four assignments of error under his "Statements of Assignment of Error," appellant, in the body of his brief, sets out only the two assignments listed above. Since we believe that our decision with respect to the two assignments of error listed above resolves appellant's appeal, we shall address only the two assignments listed in the body of appellant's brief.
[3] It is significant to note that appellant, in the case sub judice, never requested a continuance of the trial date based on appellee's failure to provide discovery.
[4] This Court further notes that, at the bench trial, appellee indicated to the Magistrate that "[i]t's hard for me to provide things that I don't know exist." Trial Transcript at 19. Appellee's argument is at best incredulous since the discovery sought by appellant was easily obtainable by appellee.