OPINION
On October 29, 2000, appellant, Samuel Driver, was issued a citation for violating the barking dog ordinance of the city of Massillon, Massillon City Ordinance 505.09(A). A trial was held on January 24, 2001. The trial court found appellant guilty and fined him $100 plus court costs.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE APPELLANT WAS DENIED DUE PROCESS OF LAW GUARANTEED HIM BY THE FIFTH AND FOURTEENTH AMENDMENTS DUE TO THE FACT THAT HIS CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE SINCE THE ONLY EVIDENCE AGAINST HIM WAS THE TESTIMONY OF THE POLICE OFFICER.
 I
Appellant claims his conviction for a violation of the barking dog ordinance was against the manifest weight of the evidence. Specifically, appellant claims the sole testimony of a police officer as to the disturbance was not sufficient to establish the elements of the offense. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Appellant argues the barking dog ordinance, Massillon Municipal Ordinance 505.09(A), is similar to R.C. 2917.11(A)(2), disorderly conduct, which requires testimony other than a police officer to establish "annoyance * * * to another." Further, appellant argues evidence of a disturbance of the public peace must be objective evidence, and cites Ohio v. Dotson (1999), 133 Ohio App.3d 299, in support. Dotson involved a violation of R.C. 2917.11(A)(2) which states as follows:
 No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
 Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person;
The ordinance at issue does not have the "to another" standard, but has the standard of "unreasonably loud and disturbing noises of such character, intensity and duration as to disturb the peace, quiet and good order of the Municipality."
Officer Robert Boyd testified while on routine patrol, he received a dispatch concerning dog barking at appellant's residence. T. at 4. As Officer Boyd approached the residence with the window of his cruiser down, he could hear dog barking from about two blocks away. T. at 5. Officer Boyd testified the barking was unreasonably loud and it was disturbing the peace. T. at 5, 7. He explained why he cited appellant:
 Basically the reason I cited Mr. Driver is I'm again I was familiar with the ah on going problem there at his residence with the dogs. Ah and then based on my observation two blocks away ah again I had talked to Mr. Driver in the past and he stated that when people enter his driveway is when the dogs actually start barking so to make sure that that wasn't the case of why the dogs were barking that's why I cruised up with my lights off and I was blocks away to hear the ah dogs barking to make sure that it wasn't my presence that was causing them to bark.
T. at 7.
Appellant testified he believed the barking was loud "because of the area the wooded area . . . you get a loud echo and it carries a long ways. It really does . . . it carries." T. at 16.
Upon review, we find the evidence presented sub judice is remarkedly different than the Dotson case. In Dotson, the officer could not opine that he was annoyed or alarmed by the defendant's actions. This case involved a complaint via a telephone call from a neighbor and an officer's observations as to the loudness up to two blocks away. Given the facts, we find the officer's testimony was an objective observation and was sufficient to establish a disturbance of the peace. We find no manifest miscarriage of justice.
The sole assignment of error is denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Massillon Municipal Court of Stark County, Ohio is affirmed.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. concur.