OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Darrell E. Dawson appeals from his conviction and sentence on one count of speeding, in violation of R.C. 4511.21(D)(2). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 5, 2003, at 7:32 P.M., Ohio State Trooper Thomas Topp was working traffic control on Interstate 77. Trooper Topp was in his cruiser facing south, watching the traffic traveling northbound. Trooper Topp identified appellant's vehicle traveling northbound on the highway. By using his prior training, Trooper Topp estimated that appellant's vehicle was traveling 85 miles per hour [hereinafter mph]. Trooper Topp then used an LTI 20-20 laser device to measure the velocity of appellant's vehicle. Using the LTI 20-20 device, Trooper Topp determined that appellant's vehicle was traveling at 84 mph in the 65 mph zone on I-77.
 {¶ 3} Appellant was charged with traveling at 84 mph in a 65 mph zone, in violation of RC. 4511.21(D)(2). The matter proceeded to trial. When Trooper Topp testified at trial, defense counsel objected to the admissibility of the Trooper's testimony as to appellant's vehicle's speed as determined by the LTI 20-20 device. Appellant's counsel contended that the State had failed to present a proper foundation for such scientific evidence through expert testimony relative to the construction of the LTI 20-20 device, method of operation and scientific reliability. The trial court overruled appellant's objection and stated that it would take judicial notice as to the scientific reliability of the laser device based upon a previous case before the trial court. Appellant again objected claiming that the trial court could not take judicial notice of the scientific reliability of the LTI 20-20 laser device. However, the trial court overruled appellant's objection.
 {¶ 4} At the conclusion of the trial, appellant was found guilty of driving 84 mph in a 65 mph zone, in violation of R.C.4511.21(D)(2). As a result, appellant was fined $50.00 and ordered to pay court costs.
 {¶ 5} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court erred to the prejudice of the appellant by taking judicial notice as to the accuracy and dependability of the LTI 20-20 laser device. As a result of this error, the state was not required, pursuant to Evid. R. 702, to lay a proper foundation with expert testimony relative to the construction of the device, its method of operation and its scientific reliability. Accordingly, the speed of the appellant's vehicle, an element of the offense contained in R.C. [Sec.]4511.21(D)(2), was not established and therefore, said offense was not proven beyond a reasonable doubt as required by R.C. [Sec.] 2901.05(a).
 {¶ 7} "II. The trial court erred to the prejudice of the appellant by taking judicial notice as to the accuracy and dependability of the LTI 20-20 laser device. The trial court's decision to take judicial notice of said facts deprived the appellant of his right to confrontation and to due process guaranteed to him by the Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Constitution of the State of Ohio.
 {¶ 8} "III. The trial court erred to the prejudice of the appellant by taking judicial notice as to the accuracy and dependability of the LTI 20-20 laser device. The trial court's decision to take judicial notice of said facts deprived the appellant of his due process right to a fair trial guaranteed to him by the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Constitution of the State of Ohio.
 {¶ 9} "IV. The trial court erred to the prejudice of the appellant by admitting into evidence the estimated velocity of appellant's vehicle obtained from the state trooper's visual observation when there was no foundation, pursuant to Evid. R. 702, as to the accuracy and scientific reliability of said evidence."
 {¶ 10} We shall address appellant's fourth assignment of error first, as we find that it is dispositive.
 IV {¶ 11} In the fourth assignment of error, appellant contends that the trial court erred when it permitted Trooper Topp to testify to the speed of appellant's vehicle based upon Trooper Topp's visual observation. Appellant contends that there was no foundation, pursuant to Evid.R. 702, as to the accuracy and scientific reliability of that testimony. We disagree.
 {¶ 12} Evid R. 702 states as follows:
 {¶ 13} "A witness may testify as an expert if all of the following apply:
 {¶ 14} "(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 {¶ 15} "(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 {¶ 16} "(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:
 {¶ 17} "(1) The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;
 {¶ 18} "(2) The design of the procedure, test, or experiment reliably implements the theory;
 {¶ 19} "(3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result."
 {¶ 20} Appellant attempts to argue that Trooper Topp's testimony was not admissible pursuant to Evid.R. 702(C), concerning scientific evidence. However, we find that appellant's argument is based upon an inapplicable subsection of Evid.R. 702. The appropriate subsection of Evid.R. 702 is paragraph (B), concerning specialized knowledge, skill, experience, training, or education. Trooper Topp's testimony was admissible pursuant to Evid.R. 702(B).
 {¶ 21} In the case sub judice, Trooper Topp testified that he had received training at the Ohio Highway Patrol Academy on how to accurately estimate the speed of moving vehicles. Trooper Topp further testified that he passed the test at the Academy. At the time of the trial, Trooper Topp had been a State Highway Patrol Trooper for four and one half years.
 {¶ 22} Here, the officer used his observation of appellant's vehicle and his prior training and experience to arrive at his opinion of the speed of appellant's vehicle. The trial court, sitting as the trier of facts, could reasonably infer that the officer possessed the knowledge, skill, experience, training or education to express his opinion of appellant's speed. See Evid.R. 702. See State v. McGuffey (July 23, 1991), Washington App. No. No. 90 CA 44, 1991 WL 136734. Accordingly, the trial court did not err in admitting into evidence the officer's opinion of the speed of the vehicle.
 {¶ 23} Further, such testimony is sufficient in and of itself upon which to base a conviction for speeding. This court has previously held that "Ohio law is clear that an officer's testimony that, based upon his visual observation, a vehicle is speeding is in and of itself sufficient to support a conviction for speeding." State v. Napier (July 30, 2001), Stark App. No. 2001CA00035, 2001 WL 1771036 (relying upon State v. Wilson,102 Ohio App.3d 1, 656 N.E.2d 954) (emphasis original). In State v.Wilson, supra, the Eleventh District held that "a conviction for speeding will not be reversed on sufficiency grounds even if a radar reading was improperly admitted into evidence when the officer testified that, based upon his visual observation, the vehicle was speeding." Wilson, 102 Ohio App. at 4 (citingKirtland Hills v. Logan [1984], 21 Ohio App.3d 67, 69,486 N.E.2d 231, 232-233).
 {¶ 24} Accordingly, appellant's fourth assignment of error is overruled.
 I, II, III {¶ 25} In assignments of error I, II and III, appellant argues that the trial court erred when it admitted testimony concerning the speed of appellant's vehicle, as determined by the LTI 20-20 laser device. In that this court has previously determined that the Trooper's observations of appellant's speeding is sufficient to support appellant's conviction, we find that appellant's arguments in the remaining assignments of error are moot.
 {¶ 26} Accordingly, the judgment of the Ashland Municipal Court is affirmed.
Judgment affirmed.
Hoffman, P.J., and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland Municipal Court is affirmed. Costs assessed to appellant.