CITY OF WILLOUGHBY *v.* HOFFMAN

(No. 79-CRB-186 and 187—Decided June 23, 1980.)

Willoughby Municipal Court.

*Mr. Richard Perez,* prosecutor, for plaintiff.
*Mr. Paul Greenberger,* for defendant.

CRANE, J.  This matter came on for trial and motion to dismiss. Defendant, after the hearing, entered a plea of no contest and by post-trial motion raised four issues to the complaint: (1) lack of speedy trial, pursuant to R. C. 2945.71, (2) absence of a valid arrest because of failure to comply with Crim. R. 46 and 54, (3) non-appearance at a hearing of a deputy clerk administering the oath, and (4) denial of right to bond and counsel, prior to arraignment.

1.  Speedy trial.

The complaint and summons were issued by the Willoughby Police Department on March 7, 1979. The case was docketed in the Willoughby Municipal Court, where defendant appeared for arraignment on March 14, 1979. Counsel entered an appearance on March 9, 1979, asking that the pre-trial, set for March 14, 1979, be continued as defense counsel was engaged in trial. His request waived the speedy trial rules. The pre-trial was set for April 11, 1979. Thereafter, the defense counsel filed a motion to dismiss for lack of speedy trial.

Defendant was cited for the minor misdemeanor of public intoxication and the second degree misdemeanor of resisting

arrest. Ohio law requires that a defendant charged with a minor misdemeanor, be brought to trial within 30 days, and for second degree misdemeanor, within 90 days. R. C. 2945.71.

On March 12, 1979, defendant entered into a conditional waiver of the time provisions. Such a conditional waiver, while burdensome on the court, must be recognized. *State* v. *Kidd* (1978), 60 Ohio App. 2d 374.

Thus, after the March 4th arrest, eight days elapsed—then the statute was tolled, until April 11, 1979, by defendant's motion. The statute began to run again on April 12, 1979, to the trial date, May 2, 1979. By the time trial commenced, 28 days had elapsed.

Moreover, on April 16, 1979, defendant's counsel filed a motion to dismiss, which also tolled the statutory speedy trial rules until the court could rule upon the motion. Defendant in said motion failed to object to the setting, by the court, of trial on May 2, 1979. Moreover, on April 24, 1979, defendant's counsel issued subpoenas and again failed to complain about the May 2nd date. *State* v. *Westbrook* (1975), 47 Ohio App. 2d 211; *State* v. *Taylor* (1975), 47 Ohio App. 2d 171.

Thus the court finds that the request, by defense counsel, for additional time was a continuance and tolled the 30 days, resulting in this matter commencing within the statutory limit. Moreover, this court finds that any delays were reasonable, as they stemmed from defense counsel's own needs.

2. Arrest.

By motion at trial, defense counsel raised a serious attack upon the arrest of defendant. Defendant was arrested on March 4, 1979, and charged with disorderly conduct and resisting arrest. He was transported to the police station, whereon a copy of the complaint was served upon him. No return of the summons was executed, although defendant appeared pursuant to it and entered a plea of not guilty.

A bond of $400 was set by the deputy clerk at the police station and the defendant was released. The bond schedule in effect on the date in question complied with Crim. R. 46(D), having been promulgated by the Willoughby Municipal Court in 1977 and adopted in 1979.

Crim. R. 46(D) provides, in pertinent part, that a person arrested for a misdemeanor and not released upon a summons shall be released by the clerk of courts on his—

(a) personal recognizance or

(b) unsecured appearance bond or

(c) if the clerk determines that the release shall not be reasonably calculated to assure the defendant's appearance, the person shall be eligible for:

(1) a bond equal to 10 percent of bail schedule or

(2) a surety bond or

(3) a bond guaranteed by a motorists' organization or

(4) a cash deposit in lieu of bond.

No release on personal recognizance is necessary if the defendant has a prior record of failure to appear or his physical, mental or emotional condition poses a danger to him or herself or others.

Defendant argues that he was arrested pursuant to a complaint and summons without a warrant. The arrest being without a warrant, defendant argues the Criminal Rules guarantee him a personal appearance bond. Defendant moves to dismiss, arguing that a court is required, by the Criminal Rules, to release the defendant, charged with a misdemeanor offense, on personal recognizance or unsecured appearance bond, citing Crim. R. 46(B). Defendant's motion is not well-taken.

This section of the bail rules is difficult to comprehend and the drafters could have made its meaning more clear when they used the language, "where summons has been issued and the defendant has appeared." Rules 46(B) and (D) become more intelligible when read in *pari materia* with Rule 4(F), which allows a release on personal recognizance without a warrant if the clerk of courts determines the defendant's reappearance probable.

Counsel has supplied no precedent directly on point. The court concludes however, that Rule 46(B) does not preclude the deputy clerk from setting a reasonable bond pursuant to Rule 46(D), if he or she determines that there is no reasonable assurance of an appearance. Moreover, when taken together, Rules 4(F), 46(B), and 46(D) allow the court itself to review the deputy clerk's action at arraignment and release the bond upon the initial appearance of the defendant, if in its own determination, and upon the request of the defendant, defendant is entitled to personal bond. No request for the return of bond was made herein.

Moreover, the court finds that the determination of bond was reasonable as made by the deputy clerk. The defendant was charged with resisting arrest, and with alcohol involvement. No evidence was proffered that defendant, in this condition of turmoil, was anything but a potential danger to himself or that he understood fully what was happening. Thus the court concludes that the bond set was neither in violation of the bond schedule nor inconsistent with Rule 46 or Rule 4.

Defendant's second part of this argument questions the legality of the arrest for intoxication, not because of lack of probable cause, but simply because no warrant was issued. Defendant argues that R. C. 2935.03 justifies warrantless arrests and detention only until a warrant can be obtained. However, defendant's argument fails to note that the Criminal Rules provide for and permit an arrest without a warrant. (See Crim. R. 4(A)(3) and (E)(2), and 4.1, which presumptively supersede this section.)

Moreover, the court further finds that the police had probable cause to make the arrest without a warrant, because defendant was exhibiting conduct which amounted to a risk of physical harm to himself and others. *Coffel* v. *Taylor* (D.C.S.D.E.D. 1978), 8 O. O. 3d 253, construing, R. C. 2921.33, makes it clear that such an arrest is lawful and a conviction of guilt, as a result of the arrest, is not necessary to validate a companion charge for resisting arrest. The court is bound by *Columbus* v. *Fraley* (1975), 41 Ohio St. 2d 173.

The Willoughby Ordinance requires that no person shall "recklessly or by force resist or interfere with the lawful arrest of him/her self or another."

The Columbus Ordinance provided that no person shall assault or offer violence against a police officer in execution of his office. While this court concurs in defendant's assertion that the ordinances are not the same, the court dissents to the view that the statutes are not similar.

This similarity of ordinances mandates that this court follow the Supreme Court's statement in *Fraley* at page 180:

"We believe it essential that potentially violent conflicts be resolved, not in the streets, but in the courts. Thus, we hold that in the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist

arrest by one he knows***is***[a] police officer engaged in the performance of his duties, whether or not the arrest is illegal under the circumstances." See, also, *State* v. *Glover* (1976), 52 Ohio App. 2d 35.

3. Denial of right to bail and counsel.

Defendant further contends that the arrest was illegal because defendant was allegedly deprived of his right to call and obtain an attorney pursuant to R. C. 2935.14 and 2935.20.

R. C. 2935.14 and 2935.20 mandate that a person arrested for a misdemeanor be afforded the right to contact counsel or a close relative or friend and to arrange bond. No evidence was taken except for the police's assertion that defendant was afforded one opportunity to call, and that bond was arranged the day of arrest, March 4, 1979, by Allegheny Mutual Casualty Company. As far as an opportunity to call counsel is concerned the court's record shows on the date of arraignment that the defendant asked for a one weeks' postponement to obtain an attorney. Thus, the court finds no substantial violation of either R. C. 2935.14 or 2935.20.

4. Non-appearance of subpoenaed witness.

The defendant has raised a valid objection to the non-appearance of a material witness. A review of the court's record shows that by cover letter, defendant requested that deputy clerk Christine Schmitt be subpoenaed.

Beyond a doubt, the request for subpoenas was received and issued. The chief deputy clerk of the Criminal Division proffered them to the bailiff for service. Service was never obtained and the deputy clerk did not appear.

This court cannot condone the non-appearance of a subpoenaed witness, and finds that service was not properly effected. The remedy as requested by the Willoughby prosecutor is to postpone the hearing for service to be effected. However, such a continuance would create a hardship upon the defendant as to the charge of disorderly conduct. Thus the court dismisses the complaint of disorderly conduct against the defendant in the interests of justice. (Case No. 79-CRB-186, costs to be borne by the city.)

As far as the second charge, ample time would have been

available for a continuance to subpoena the necessary witnesses. Defendant by changing his plea to no contest, has rendered moot this need. The court granted counsel two weeks to proffer a brief on the points raised at trial before the court entered a finding of guilty. The brief was served and filed, May 15, 1979. Due to the court's heavy trial docket, this ruling was delayed to June 5, 1979. The court finds this to be a reasonable delay, and for the reasons aforementioned now accepts the defendant's plea of no contest, and upon the reading of the police report finds the defendent guilty of resisting arrest.

*Judgment accordingly.*