THE STATE OF OHIO, APPELLEE, *v.* JOHNSON, APPELLANT.

(No. CA-437—Decided March 10, 1982.)

*Mr. William B. McCracken,* for appellee.

*Mr. Carl Anthony Cramer,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Wilmington Municipal Court of Clinton County.

Now, therefore, the assignments of error having been fully considered, are accordingly passed upon in conformity with App. R. 12(A) as follows:

Appellant, Robert W. Johnson, was convicted in the court below of disorderly conduct and resisting arrest. The thrust of his argument on appeal is that since he was not lawfully arrested on the disorderly conduct offense, the subsequent charge of resisting arrest is also unlawful. To that end, he has asserted the following assignments of error for review by this court:

Assignment of Error No. 1:

"The first assignment of error is that the jury verdict is not supported by the manifest weight of the evidence."

Assignment of Error No. 2:

"Where a 'lawful arrest' is a requisite element under Ohio Revised Code Section 2921.33, resisting arrest, the trial court erred in overruling the motion for acquittal by appellant at the close of appellee's case-in-chief."

A thorough review of the record indicates that appellant approached the officers as they were interviewing a criminal suspect and demanded to be involved in the investigation of him. Appellant did not "move away" from the officers when he was requested to do so; that behavior precipitated his arrest. Accordingly, the behavior which was sought to be proscribed by the officers was, to a large extent, speech. Relative to this First Amendment right, *Cleveland* v. *Mechanic* (1971), 26 Ohio App. 2d 138 [55 O.O.2d 284], held at page 151:

"Here it is reasonably clear that speech is part of the proscription which the finding of guilt affects. And where a finding of guilt is based on an undifferentiated mix partially for what is said and partially what is illegally done, a conviction cannot stand. So vital is free expression that even decisional ambiguity will taint the finding. * * *"

Prior to the arrest, there was no abusive language or fighting words. While appellant's behavior was perhaps irritating to the officers, he had a right to be where he was and his speech and refusal to leave the area did not violate R.C. 2917.11, if it is to be construed in a constitutional manner. To apply that section to these facts would operate to punish appellant's constitutionally protected speech. Therefore, the first assignment of error is well-taken.

Appellant argues that a lawful arrest

is necessary to validate a companion charge of resisting arrest. We note that appellant might have been charged with resisting the arrest of Mark Chapman in a proper factual situation; however, Chapman was not being placed under arrest at the time the officers placed appellant under arrest. Additionally, this issue was not charged to the jury.

*Columbus* v. *Fraley* (1975), 41 Ohio St. 2d 173 [70 O.O.2d 335], certiorari denied, 423 U.S. 872, held in paragraph three of the syllabus as follows:

"In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized police officer engaged in the performance of his duties, whether or not the arrest is illegal under the circumstances."

The *Fraley* court's decision was based upon an alleged violation of a Columbus ordinance which provided that no person shall assault or offer violence against a police officer engaged in the execution of his office. That ordinance is dissimilar to the statute under consideration in the case *sub judice*. In a similar situation, the court in *Willoughby* v. *Hoffman* (1980), 64 Ohio Misc. 15 [18 O.O.3d 71], felt constrained to apply the clear public policy stated in *Fraley* at page 180 as the law of Ohio, to wit: that "potentially violent conflicts be resolved, not in the streets, but in the courts" even though the ordinance was not the same as that construed in *Fraley*.

*Coffel* v. *Taylor* (S.D. Ohio 1978), 8 O.O. 3d 253, construing R.C. 2921.33, and apparently the reference therein to the necessity of a "lawful arrest," held that it was not necessary for the state to prove the person was guilty of the offense charged for the arrest to be lawful. That court, at page 256, noted the appropriate standard for a "lawful arrest," to wit:

"* * * If the facts surrounding Ms. Coffel's arrest gave Chief Anderson probable cause to believe she was violating R.C. § 2917.11, then clearly the record is not totally devoid of evidentiary support for the finding that Ms. Coffel's arrest was 'lawful.'

"Chief Anderson had probable cause to arrest Ms. Coffel for disorderly conduct if he had reasonable grounds to believe that she was recklessly causing inconvenience, annoyance, or alarm to him by her abusive language *and* that her language and conduct was likely to provoke a violent response. The test is an objective one. There is no constitutional requirement that Chief Anderson in fact be inconvenienced, annoyed or alarmed. Nor need he personally be provoked to a violent response. His subjective feelings are immaterial. The question is whether, under the circumstances, it is probable that a reasonable police officer would find her language and conduct annoying or alarming and would be provoked to want to respond violently. * * *" (Emphasis *sic*.)

In the instant case, the record is devoid of evidence to show probable cause in the mind of a reasonable policeman.

The *Fraley* decision is not binding upon this court given these particular facts for the reasons that the statute does not charge an offense unless the arrest is "lawful." This arrest was not "lawful" because an average police officer would not have found appellant's language and conduct annoying or alarming so as to cause the officer to want to respond violently.

*State* v. *Cimpritz* (1953), 158 Ohio St. 490 [49 O.O. 418], held in paragraphs one and two of the syllabus:

"1.    In Ohio, all crimes are statutory.

"2.    The elements necessary to constitute a crime must be gathered wholly from the statute."

The statute defining this offense is clear and unambiguous on its face. We decline to engraft a new meaning onto it. We acknowledge that policy issues such as that presented herein should be de-

cided by the General Assembly and the Ohio Supreme Court; however, as a matter of statutory construction, we cannot engraft public policy onto the plain meaning of R.C. 2921.33. The offense charged in *Fraley* was not a violation of the state resisting arrest statute, R.C. 2921.33. In *Fraley,* the offense charged was an alleged violation of Section 2327.01 of the Columbus Code which is more nearly the equivalent of R.C. 2921.31. There is no requirement in R.C. 2921.31 and the Columbus Ordinance construed in *Fraley,* unlike the requirement in R.C. 2921.33, that a person be resisting or interfering with a "lawful" arrest. Since appellant's arrest was without a reasonable basis, he could not be convicted of resisting arrest. *State v. Paglia* (1979), 62 Ohio Misc. 7 [16 O.O.3d 228].

Accordingly, the assignment of error is well-taken.

All assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed.

*Judgment reversed.*

KOEHLER and JONES, JJ., concur.

HENDRICKSON, P.J., dissents.

HENDRICKSON, P.J., dissenting. Although I concur with the majority in reversing the conviction of the appellant on the charge of disorderly conduct, I would affirm the conviction on the charge of resisting arrest.

A study of the decision of the Supreme Court of Ohio in *Columbus* v. *Fraley* (1975), 41 Ohio St. 2d 173 [70 O.O.2d 335], makes it apparent that the Supreme Court was well aware of the provisions of R.C. 2921.33, said section having become effective prior to the decision of the Supreme Court in *Columbus* v. *Fraley, supra.* Thus, it is quite clear that the Supreme Court intended by judicial decision to eliminate the right to resist arrest when the officer does not use excessive or unnecessary force and the person being arrested knows or has good reason to believe that the officer is an authorized police officer engaged in the performance of his duties, *regardless of whether or not the arrest is legal under the circumstances.*

Thus, we are compelled to uphold the conviction on the charge of resisting arrest.