OPINION
Defendant-appellant Keith A. Pennington appeals his convictions and sentences on one count of disorderly conduct by intoxication and one count of resisting arrest entered by the Canton Municipal Court following a jury's finding of guilty on both counts. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS
On January 28, 1998, at approximately 2:30 a.m., Officer Clary and Officer Lawver of the Canton Police Department were dispatched to 1130 Pully Place, SE, Canton in reference to a trouble call involving a white male, named "Keith", pounding on the door, refusing to leave. Within two minutes of the dispatch call, the officers responded to the aforementioned address and observed appellant on the stoop, knocking on the door. The officers called to appellant to come over and speak to them, but appellant moved off the stoop and ran towards the rear of the house. Officer Lawver then yelled twice to appellant, "Stop-Police". Tr. at 27. Appellant continued running. The officers caught appellant and Officer Clary eventually knocked him down. After a brief struggle, the officers subdued appellant and handcuffed him. The officers noted appellant smelled of alcohol, staggered, and his speech was slurred and his eyes were glassy.
Officer Clary testified on cross-examination the basis for appellant's arrest on the disorderly conduct was appellant's running through a bad neighborhood at 2:30 in the morning, thereby causing a risk of harm to himself. Officer Lawver testified they (Officer Clary and himself) probably circled the wrong charge on the disorderly conduct complaint although he also believed appellant could have caused injury to himself by running through backyards.
Appellant assigns as error:
 I. THE JURY'S VERDICT FINDING THE APPELLANT GUILTY OF DISORDERLY CONDUCT BY INTOXICATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE JURY'S VERDICT FINDING THE APPELLANT GUILTY OF RESISTING ARREST WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant was charged with violating R.C. 2917.11(B)(2), which provides:
 (B) No person, while voluntarily intoxicated, shall do either of the following:
 (2) Engage in conduct or create a condition that presents a risk of physical harm to the offender or another, or to the property of another.
R.C. 2901(A)(7) defines risk as ". . . a significant possibility as contrasted with a remote possibility, that a certain result may occur of that certain circumstances may exist."
The committee comment to the statute states, ". . . this section is aimed at particular conduct rather than at the condition." Appellee notes the comment states, "It is also a violation if, when alone and drunk or under the influence of drugs, he [defendant] attempts a tight rope on a bridge parapet or curls to sleep in a doorway in freezing weather." We find the risk of harming oneself by running through a bad neighborhood at night pales in comparison to the examples listed in the committee comment.
We note appellee offered no additional evidence as to how appellant was placing himself at risk by running, other than he was running in a bad neighborhood [at 2:30 a.m.]. We find such evidence is legally insufficient to sustain a conviction under the subsection of R.C. 2917.11 charged in the case sub judice.
Appellant's first assignment of error is sustained.
 II
R.C. 2921.33(A) provides:
 No person, recklessly or by force, shall resist or interfere with a lawful of the person or another.
Appellant argues herein ". . . since the appellant's arrest for disorderly conduct was not lawful, the subsequent charge of resisting arrest was unlawful." (Appellant's Brief at 6). First, we must analyze whether the arrest was lawful in this case.
In determining whether an arrest is lawful, the test is an objective one. State v. Johnson (1982), 6 Ohio App.3d 56, 57. The question becomes whether, under the circumstances, it is probable a reasonable police officer would find the defendant's actions constituted a criminal violation. Therefore, we find Officer Clary's or Officer Lawver's subjective reason for instituting the arrest of appellant not determinative of the issue. When applying the objective test, to the facts in the instant appeal, based upon the nature of the trouble call, the time of day, and the personal observations of the officers at the scene, we find a reasonable police officer would believe appellant's conduct constituted a violation of R.C. 2917.11(A)(2). Despite our decision in I, supra, there was insufficient evidence of disorderly conduct by intoxication as charged in the complaint, we find appellant's arrest was nevertheless lawful. Accordingly, we overrule appellant's second assignment of error.
The judgment of the Canton Municipal Court is affirmed in part and reversed in part.
By: Hoffman, J., Farmer, P.J. and Gwin, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court as to appellant's conviction for disorderly conduct by intoxication is reversed and the charge ordered dismissed. The judgment of the Canton Municipal Court as to appellant's conviction and sentence for resisting arrest is affirmed. Costs assessed to appellee.