DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Antonio J. Lorenzo has appealed from an order of the Akron Municipal Court that found him guilty of disorderly conduct, in violation of Akron City Code 132.01(A)(2). This Court affirms.
 I.
On November 25, 2000, Akron police were called to the scene of a fight at a downtown bar. The officers separated the combatants and were attempting to disperse the crowd that had assembled, consisting of patrons of the bar and numerous bystanders attracted by the commotion. Some thirty people were gathered in front of the bar, another 200-300 people were still inside, and others were scattered on the sidewalk.
Approximately six to eight police officers were on the scene, several of whom were engaged in crowd control. Appellant, who was not involved in the fight that summoned the police to the scene, came out of the bar with approximately four to five companions. As this group crossed the street, Appellant began gesturing with his arms and yelling "Fuck you Akron police." As he tried to get the attention of the police, Appellant appeared to be staggering and slurring his speech. The officers on the scene testified that Appellant continued to yell "Fuck you" and "Fuck you Akron police" six or seven times, in spite of the officers' repeated admonitions to Appellant to "shut up and move along." The officers testified that at one point Appellant looked directly at one of the officers, pointed at him, and yelled "Fuck you," and yelled "Fuck you, Eric Paul" at the group of officers.[1]
Two of the officers engaged in crowd control further testified that the assembly they had been trying to break up stopped dispersing and began to watch Appellant. As the crowd stayed and focused on Appellant, the police officers "weren't getting anything accomplished." Three of the officers then stopped their crowd control duties and crossed the street to arrest Appellant. Appellant offered no resistance, and according to his own testimony told the officers that his comments were directed not to them but to Officer Paul. Appellant was charged with disorderly conduct, in violation of Akron City Code 132.01(A)(2), and disorderly conduct by intoxication, pursuant to Akron City Code 132.01(B)(2).
Appellant and several witnesses who testified on his behalf stated that Appellant was not intoxicated at the time, and had completely crossed the street in a normal manner before saying "Fuck you, Eric Paul" to the group of officers. The trial court concluded that the version of events offered by the officers was more credible, finding it unbelievable that Appellant's crossing of the street in a normal manner and statement in a loud voice "Fuck you, Eric Paul" would have attracted the attention of the police officers "who were heavily involved in a potentially dangerous crowd-control situation." The trial court convicted Appellant of disorderly conduct, but found Appellant not guilty of disorderly conduct by intoxication.
 II. Assignment of Error Number One The decision of the trial court, finding [Appellant] guilty of disorderly conduct, was against the manifest weight of the evidence.
In his first assignment of error, Appellant has claimed that his conviction by the trial court was against the manifest weight of the evidence. The role of this Court in a manifest weight of the evidence inquiry is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180, 193. In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. An appellate court that overturns a jury verdict as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. Otten, supra. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), Summit App. No. 19094, unreported, citing State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
Appellant has advanced two separate components to his argument that his conviction was against the manifest weight of the evidence. This Court will address each in turn.
 A. The trial court erred in finding [Appellant] guilty of disorderly conduct because the [State] never established any inconvenience and annoyance.
Appellant first argued that the trial court erred in convicting Appellant because the State failed to establish that anyone, including the officers on the scene, were inconvenienced and annoyed by Appellant's conduct. This Court disagrees.
Appellant was convicted of disorderly conduct in violation of Akron City Code 132.01(A)(2), which provides:
 [n]o person shall recklessly cause inconvenience, annoyance, or alarm to another by * * * [m]aking unreasonable noise or offensively coarse utterance, gesture or display, or communicating unwarranted and grossly abusive language to any person[.]
In the instant case, the trial court found that Appellant's conduct caused inconvenience and annoyance to the officers by "interrupting their crowd control duties." Specifically, there was testimony that Appellant's conduct undermined the officers' authority over the crowd as they were "trying to calm down a violent situation." According to one officer, the people outside the bar "weren't moving, they weren't listening to us, they were listening to [Appellant]." As such, this Court cannot say that the trial court clearly lost its way and created a manifest miscarriage of justice in finding that Appellant caused inconvenience and annoyance to the police officers. Appellant's first argument is not well taken.
 B. The trial court erred in holding that [the State] had established that the language used by [Appellant] was sufficient to find [Appellant] guilty of disorderly conduct.
In his second argument, Appellant has contended that his language did not rise to the level of unprotected speech necessary to sustain a conviction for disorderly conduct.
"Fighting words" — those "which by their very utterance inflict injury or tend to incite an immediate breach of the peace" — constitute one of the classes of speech exempt from First Amendment protection. See Chaplinsky v. New Hampshire (1942), 315 U.S. 568, 571-72,62 S.Ct. 766, 769, 86 L.Ed. 1031, 1035.
The Ohio Supreme Court has stated:
 A person may not be punished under R.C. 2917.11(A)(2)[2]
for "recklessly caus[ing] inconvenience, annoyance, or alarm to another," by making an "offensively coarse utterance," or "communicating unwarranted and grossly abusive language to any person," unless the words spoken are likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace.
(Footnote added.) State v. Hoffman (1979), 57 Ohio St.2d 129, paragraph one of the syllabus. An objective, rather than a subjective, standard governs the determination of whether particular speech constitutes "fighting words." Id. at 133.
To constitute fighting words, it must be "probable that a reasonable police officer would find [the] language and conduct annoying or alarming and would be provoked to want to respond violently." State v. Johnson
(1982), 6 Ohio App.3d 56, 57, quoting Coffel v. Taylor (S.D.Ohio 1978), 8 O.O.3d 253. In this case, the trial court specifically found that Appellant's "comments were likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace."
In State v. Wood (1996), 112 Ohio App.3d 621, defendant Wood was convicted of disorderly conduct in violation of a statutory provision identical to Akron City Code 132.01(A)(2). In that case, Wood approached two police officers, gestured with his middle finger, said "Fuck you," and continued his loud and abusive language for several minutes. Wood,112 Ohio App.3d at 624. In upholding Wood's conviction for disorderly conduct, the Eleventh District Court of Appeals found dispositive that Wood addressed his language toward the officers personally, rather than as a general commentary on the situation:
 At least part of [Wood's] language and gestures were directly addressed to the officers personally. Specifically, [Wood] went directly up to the officers and repeatedly employed this [loud, abusive] language, together with actions and gestures of a provocative nature. To tell anyone, including a police officer, "fuck you," either verbally or via an extended digit, may indeed constitute "fighting words," depending on the circumstances. Therefore, [Wood's] actions were not protected by the Constitution as they were directed specifically and intentionally at the officers. * * * [I]n the instant case, it was * * * a direct attack [on the officers].
Id. at 628-29.
In the instant case, one of the officers testified that Appellant screamed "Fuck you" and "Fuck Akron police" six or seven times. Moreover, this same officer testified that after he asked Appellant to "shut up and move along," Appellant looked him in the eye, gestured with his middle finger, and yelled "Fuck you." Given these facts, this Court cannot conclude that the trial court clearly lost its way and created a manifest miscarriage of justice in finding that Appellant's comments were directed at the officers individually and were likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace. Appellant's second argument must therefore fail.
 Assignment of Error Number Two The trial court misapplied the law in finding [Appellant] guilty of disorderly conduct.
For his second assignment of error, Appellant has asserted that the trial court failed to correctly apply the law in finding him guilty of disorderly conduct.
This Court reviews a trial court's application of the law de novo.State v. Sufronko (1995), 105 Ohio App.3d 504, 506; State v. Anderson
(1995), 100 Ohio App.3d 688, 691. Appellant has asserted two components to his second assignment of error. This Court will address each in turn.
 A. The trial court misapplied the law in making its determination as to the charge of disorderlyconduct because it failed to find that Appellant acted recklessly.
For his first argument, Appellant has asserted that the trial court misapplied the law by failing to find that Appellant acted recklessly. In particular, Appellant has contended that "the trial court never addressed the actions of the Appellant as being reckless." This Court disagrees.
 One acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
Hamilton v. Hall (June 8, 1998), Butler App. No. CA97-07-140, unreported, 1998 Ohio App. LEXIS 2542; R.C. 2901.22(C).
In finding that Appellant's conduct was reckless, the trial court specifically found that:
 [Appellant] acted with heedless indifference to the consequences and disregarded a known risk that his conduct was likely to cause a certain result or be of a certain nature. Here, [Appellant's] conduct posed a risk to himself by his manner of crossing the street and a potential risk to the police officers and civilians by interfering with crowd control. Finally, the Court finds that [Appellant's] conduct continued "after reasonable warning or request to desist."
Appellant's first argument is without merit.
 B. The trial court misapplied the law because the words used by [Appellant] were not "fighting words."
For his second argument, Appellant has contended that the trial court erroneously applied Akron City Code 132.01(A)(2) in holding that the language used by Appellant constituted "fighting words." This aspect of Appellant's argument has already been addressed in this Court's consideration of Appellant's first assignment of error. The trial court properly found that Appellant's comments were directed at the officers individually and were likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace. Appellant's second argument must fail.
 III.
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., SLABY, J. CONCUR.
[1] Eric Paul is an Akron police officer who, it was later established, was not on the scene during any of these events. Appellant's hostility toward Eric Paul apparently is a result of Appellant's arrest by Officer Paul on July 29, 2000, for yelling vulgarities to police officers. Appellant was charged, but found not guilty, of a different disorderly conduct specification arising from that incident.
[2] R.C. 2917.11(A)(2) and Akron City Code 132.01(A)(2) are identical.