JOURNAL ENTRY AND OPINION
Plaintiff-appellant the City of Cleveland ("City") appeals from the trial court's granting of a motion to dismiss in favor of the Defendant-appellee Brett Kristoff ("Kristoff"). For the reasons set forth below, we affirm the judgment of the trial court.
On May 2, 2001, Kristoff came upon two of his friends, one of whom was being questioned by two Cleveland Police detectives in plain clothes regarding a recent crime in the area. When Kristoff noticed his friend being questioned, he allegedly requested that the detectives provide identification, to which neither detective responded. Kristoff then encouraged his friend to refuse to answer any of the detectives' questions. Kristoff repeatedly told his friend that he was not required to answer any questions until the detectives provided identification proving that they were, in fact, detectives. In an attempt to dissuade Kristoff from interfering, the detectives warned Kristoff that he was hampering an official investigation. Kristoff ignored the warnings and continued. The detectives then attempted to arrest Kristoff for obstructing official business in violation of C.C.O. 615.06, at which point a struggle ensued between them and Kristoff. Kristoff was subsequently charged with resisting arrest.
Kristoff pleaded not guilty and filed a motion to dismiss the complaint. The trial court granted the motion at a hearing on August 1, 2001. It is from this ruling that the City now appeals asserting two assignments of error for our review.
 I. THE TRIAL COURT ERRED WHEN IT DISMISSED THE CHARGE OF OBSTRUCTING OFFICIAL BUSINESS AGAINST THE APPELLEE HOLDING THE CHARGE WAS UNCONSTITUTIONAL IN ITS APPLICATION ON THE BASIS OF FREE SPEECH PURSUANT TO THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.
The City challenges the decision of the trial court, which found that the city ordinance, as applied, violated Kristoff's free speech rights under the First Amendment. We agree with the decision of the trial court.
The ordinance which Kristoff allegedly violated states:
 No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within its official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.
C.C.O. 615.06. This ordinance mirrors R.C. 2921.31. Kristoff contends that his remarks to his friend do not constitute an act pursuant to this ordinance. We agree.
In State v. Lazzaro (1996), 76 Ohio St.3d 261, 667 N.E.2d 384, the Supreme Court of Ohio held that:
 The making of an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime is punishable conduct within the meaning of R.C. 2921.31(A).
The Supreme Court of Ohio has not determined whether true statements made to police officers in the course of conducting official business constitute "conduct" as contemplated by the statute. However, after a thorough review of applicable case law, this court noted in City of Parmav. Campbell (Nov. 1, 2001), Cuyahoga App. Nos. 79041 and 79042, unreported, "* * * courts have affirmed convictions for obstruction of official business only when the manner and context of the boisterous statement prevented a public official from carrying out his or her lawful duty." (Emphasis added.)
In the case sub judice, Kristoff's comments may have disturbed the detectives insofar as their investigation was in abeyance while the detectives turned to Kristoff to warn him about interfering. However, the City presented no evidence that Kristoff's encouraging statements advising his friend of his right to refrain from answering the detectives' questions were spoken so boisterously and in such a manner as to prevent the detectives from carrying out their duties. We cannot find that Kristoff's comments to his friend constituted an act under the statute. Therefore, we find that the trial court did not err in dismissing the case and finding that the charge of obstructing official business unconstitutionally infringed upon Kristoff's First Amendment rights. This assignment of error is not well-taken.
 II. THE TRIAL COURT ERRED IN DISMISSING THE CHARGE OF RESISTING ARREST HOLDING THE CHARGE WAS UNCONSTITUTIONAL IN ITS APPLICATION ON THE BASIS OF FREE SPEECH PURSUANT TO THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.
Within this assignment of error, the City contends that the detectives' arrest of Kristoff was lawful, Kristoff resisted, and therefore the trial court erred in dismissing the resisting arrest charge against him. We disagree.
In Garfield Heights v. Simpson (1992), 82 Ohio App.3d 286,611 N.E.2d 892, this court held:
 As to the element of a "lawful arrest," we further note that it is incumbent upon the state to prove as an element of the offense that the arrest was lawful. Strongsville v. Waiwood (1989), 62 Ohio App.3d 521, 524, 577 N.E.2d 63, 64; State v. Johnson (1982), 6 Ohio App.3d 56, 58, 6 OBR 268, 270, 453 N.E.2d 1101, 1103; State v. Clay (1988), 43 Ohio Misc.2d 5, 6, 539 N.E.2d 1168, 1169.
 In determining the lawfulness of an arrest, the elements of an underlying offense need not be proven, but there must exist a "reasonable basis" for the arrest. Id., State v. Johnson, supra. That is, conduct which does not amount to an offense beyond a reasonable doubt may supply the officers with a reasonable basis for the arrest. State v. Kirchner (1984), 19 Ohio Misc.2d 7, 8, 19 OBR 183, 185, 483 N.E.2d 497, 499. The "reasonable basis" test considers whether a reasonable police officer under similar circumstances would have concluded that the defendant committed a crime suitable for arrest. Id.
In this case, it is undisputed that the detectives physically struggled with Kristoff when they attempted to arrest him. We must now determine whether a reasonable detective under similar circumstances would have concluded that Kristoff violated C.C.O. 615.06. In order to so, a reasonable detective would have to conclude that Kristoff acted with purpose to prevent, obstruct or delay the detectives' investigation and subsequently hampered or impeded the detectives in their lawful duties. The City presented no evidence that Kristoff acted with any specific purpose to prevent, obstruct or delay the detectives' investigation. The record indicated that Kristoff was, albeit energetically, merely informing his friend of his rights under the law. Therefore, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.