OPINION
{¶ 1} On June 20, 2004, Newark Police Officer Jarred Angle was dispatched to the home of appellant, Ronald McMullen, to investigate a neighbor complaint of excessive noise involving a recreational vehicle. Officer Angle engaged appellant into a dialogue which became heated. As a result, appellant was charged with disorderly conduct in violation of R.C. 2917.11 and resisting arrest in violation of R.C. 2921.33.
 {¶ 2} A bench trial commenced on September 17, 2004. The trial court found appellant guilty as charged. By journal entry filed same date, the trial court ordered appellant to pay a $100 fine plus court costs on each charge and placed him on probation for one year.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court committed harmful error in convicting the defendant-appellant of disorderly conduct."
 II {¶ 5} "The trial court committed harmful error in convicting the defendant-appellant of resisting arrest."
 I {¶ 6} Appellant claims the trial court erred in finding him guilty of disorderly conduct. We disagree.
 {¶ 7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 8} Appellant was convicted of disorderly conduct in violation of R.C. 2917.11 which states the following:
 {¶ 9} "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
 {¶ 10} "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;
 {¶ 11} "(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person;
 {¶ 12} "(3) Insulting, taunting, or challenging another, under circumstances in which that conduct is likely to provoke a violent response;
 {¶ 13} "(4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and by any act that serves no lawful and reasonable purpose of the offender;
 {¶ 14} "(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender."
 {¶ 15} Appellant argues his conduct was not sufficient to cause "inconvenience, annoyance, or alarm" to Officer Angle.
 {¶ 16} It is conceded that in reviewing a claim for disorderly conduct wherein a police officer is the complainant, a higher standard is to be used. The words used toward an officer must be "fighting words" or of such a character that would provoke a violent response. State v. Wylie (1984), 19 Ohio App.3d 108; State v. Johnson, (1982), 6 Ohio App.3d 56. It is also conceded that the words themselves are what is to be evaluated, not the individual officer's subjective interpretation of the words.
 {¶ 17} A neighbor, Scott Berry, called the police to complain about noise from the constant revving of a three-wheeler riding "just back and forth and back and forth." T. at 7. Officer Angle arrived and engaged in a dialogue with appellant. Although Mr. Berry did not hear the exact words spoken, he characterized the discussion as a "verbal altercation." T. at 9.
 {¶ 18} Officer Angle described the exchange as follows:
 {¶ 19} "Um . . . he would not listen to me. He got more angry and more angry as the conversation went on. I had to tell him several times to be quiet. Um . . . let me explain the rules of riding this quad in the City and I will be gone. His wife was even telling him to be quiet . . . uh . . . he would be quiet for about two (2) seconds and he'd start again and . . . uh . . . finally, he just said, `you know what I'm sick of the fucking law telling me what I can and can't do' and `I ride that four-wheeler up and down the sidewalk and ride it in the alley and you can't stop me'. And, once again, I went back through and advised him of the disorderly, you know, just asked him, let me tell you what you can and can't do and please be quiet and I will leave. Once again his wife told him to `just let him say what he has to say and he'll leave.' So that went on . . . um . . . I started the story all over again trying to get the whole story out of what he can and can't do and that's when he started to stand up and he said `you know what mother fucker I'm going to get that quad out and I'm going to spin gravel all over you, all over your car, get the fuck off my property'. And as he stood up he's on two (2) steps higher than me, which obviously causes a threat to me * * *. Um . . . I placed my hands on him and told him he was under arrest for disorderly conduct. Uh . . . he said, `fuck if I am' or `I don't think so' something like that and I pulled him down off the porch, we were on the sidewalk and he struggled, I constantly told him you are under arrest. Um . . . once I did get handcuffs on him, I picked him up and put him in the car and other units arrived." T. at 13-14.
 {¶ 20} Officer Angle stated he did not personally want to lash out or fight with appellant. T. at 17. Officer Angle characterized appellant's actions as "out of control." Id.
 {¶ 21} Upon review, we find the words used by appellant, coupled with his actions and out of control attitude, were "fighting words" or a threat to do physical violence. The trial court did not err in finding appellant guilty of disorderly conduct.
 II {¶ 22} Appellant claims the trial court erred in convicting him of resisting arrest. This assignment of error is predicated upon the argument of insufficient evidence to convict for disorderly conduct. Based upon our decision in the previous assignment of error, we deny this assignment of error.
 {¶ 23} Assignment of Error II is denied.
 {¶ 24} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
By Farmer, J., Boggins, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio is affirmed.