JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Michael Brown (appellant) appeals the court's denying his motion for acquittal regarding a disorderly conduct conviction. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On March 29, 2006, appellant was passing out flyers and CDs to students at Randallwood Elementary School in Warrensville Heights, Ohio as part of a promotional campaign for a radio station. Kimberly Mack, who was the dean of students at Randallwood Elementary School at the time, saw appellant, whom she did not recognize, in the hallway. Mack asked appellant to step into the office as it appeared he was on school grounds without a visitor's pass, which was against regulations. When Mack confirmed that appellant was trespassing on school grounds, she asked him to leave. At first he complied, however, a Randallwood teacher saw appellant a short time later distributing the same items outside of the school.
 {¶ 3} Mack asked Terrance Calloway, a Warrensville Heights police officer who was assigned to Randallwood Elementary School at the time, for assistance and brought appellant back to the school's office. The conversation between appellant and Officer Calloway became loud, and appellant said, "Let's take this outside." The two went outside, and Officer Calloway charged appellant with disorderly conduct in violation of Warrensville Heights Codified Ordinance 509.03. *Page 4 
 {¶ 4} On January 4, 2007, the court found appellant guilty of disorderly conduct and fined him $150.
 II {¶ 5} In his sole assignment of error, appellant argues that "the trial court erred when it failed to grant the appellant's Rule 29 motion for judgment of acquittal with regard to the disorderly conduct charge." Specifically, appellant argues that "punishment for disorderly conduct based on spoken words is prohibited unless those words amount to fighting words," and in his case, the state failed to prove this.
 {¶ 6} The pertinent part of the disorderly conduct statute reads: "No person shall recklessly cause inconvenience, annoyance or alarm to another by doing any of the following: making unreasonable noise or offensively coarse utterance, gesture or display, or communicating unwarranted and grossly abusive language to any person, which, by its very utterance or usage inflicts injury or tends to incite an immediate breach of the peace." Warrensville Heights Codified Ordinance 509.03.
 {¶ 7} Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing sufficiency of the evidence, an appellate court must determine "[w]hether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the *Page 5 
crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259.
 {¶ 8} In the instant case, Mack testified that the conversation between appellant and Officer Calloway "kind of got loud," and that appellant's statement that "[w]e can take this outside" stood out in her mind "[b]ecause it was louder, and the attitude that it was said like, `We're ready to fight' type attitude." Mack also referred to the events in the office as a "ruckus" and "disruptive."
 {¶ 9} Officer Calloway testified as follows:
 "I explained to [appellant], you know, that you can't do that; you have to seek permission to get pictures and pass out literature for the children. At this point, you know, he began to tell me that he had permission to pass it out; he was just trying to get, you know, the children involved with some promotional stuff, whatever he was talking about. So with this I asked him to lower his voice. He became loud. I asked him to lower his voice. And in the process of saying that, he turned, looked at me and said, `Let's take it outside.'"
 {¶ 10} Officer Calloway further stated that "based on [appellant's] body language and the demeanor in which he said it, I took it as, you know, `You want to go outside and have an altercation?'" Officer Calloway testified that the two went outside, where appellant tried to explain why he was on school grounds. The officer told appellant that it was irrelevant because he did not have permission to be there. The officer took appellant to the side of the building, away from student view, and cited him for disorderly conduct. *Page 6 
 {¶ 11} Appellant, who testified in his own defense, argued that he told Officer Calloway they should go outside so he could explain to him why he was at the school. However, when asked on cross-examination if the statement could have provoked him to a violent response, Calloway answered, "Did it call for a violent response from me? At that particular time, yes."
 {¶ 12} The city, on the other hand, argues that the evidence shows appellant was making an unreasonable noise, as stated in Warrensville Heights Codified Ordinance 509.03, and that this element of disorderly conduct concerns the manner in which one speaks, rather than the content of what one says. The city further argues that by raising his voice, causing a ruckus, and being disruptive, appellant violated the statute. "Where a charge of disorderly conduct is not based on the content of the speech involved but only the manner of how the words are spoken, the fighting words requirement does not apply." State v. Cunningham, Franklin App. No. 06AP-145, 2006-Ohio-6373. In Cunningham, the court held that the defendant "yelled and became loud, thus implicating the portion of R.C. 2917.11(A)(2) that prohibits `making unreasonable noise.'" R.C. 2917.11 and Warrensville Heights Codified Ordinance 509.03 are consistent.
 {¶ 13} In the alternative, the city argues that the words, "Let's take it outside," when viewed under the circumstances, rose to the level of fighting words, thus *Page 7 
triggering the second part of the disorderly conduct test, words that tend to "incite an immediate breach of the peace."
 {¶ 14} In reviewing whether a certain statement may incite a breach of the peace, we use an objective standard. "The question is whether, under the circumstances, it is probable that a reasonable police officer would find the language and conduct annoying or alarming and would be provoked to want to respond violently." State v. Johnson (1982),6 Ohio App.3d 56, 57. Ohio courts have held that words intentionally directed to a specific police officer, as opposed to "inappropriate and vulgar commentary about the situation," may be more likely to constitute fighting words. City of Middletown v. Carpenter, Butler App. No. CA2006-01-004, 2006-Ohio-3625, at ¶ 15.
 {¶ 15} In the instant case, the city presented evidence that appellant's words were loud and disruptive to the school, and that they were directed specifically at Officer Calloway. We conclude that the essential elements of disorderly conduct, under either theory, could have been found given these facts. The court did not err in denying appellant's Crim.R. 29 motion for acquittal, and appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant the costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR
 *Page 1